UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                Case No. 13-10192-WRS
                                                     Chapter 13
CHARLES R. COON,

    Debtor

CHARLES R. COON,

    Plaintiff                                    Adv. Pro. No. 13-1103-WRS

    v.

ANGELA GALE HENDERSON,

    Defendant

## MEMORANDUM OPINION

This Adversary Proceeding is before the Court on cross-motions for summary judgment. (Docs. 15, 16, 19, 20, 21, 22). Plaintiff Charles Coon, the Debtor in the underlying bankruptcy case, seeks a determination that amounts owed his former spouse pursuant to a divorce decree are not alimony, not entitled to priority and therefore dischargeable. Defendant Angela Henderson seeks a determination that all amounts owed are alimony, entitled to priority, and excepted from discharge. For the reasons set forth below, Coon's motion for summary judgment is GRANTED IN PART AND DENIED IN PART and Henderson's motion for summary judgment is GRANTED IN PART AND DENIED IN PART.

# I. FACTS

## A. The Divorce Agreement

Defendant Angela Henderson and Plaintiff Charles Coon were divorced on October 15, 2009, in proceedings in the Circuit Court of Coffee County, Alabama.[1]  The divorce was uncontested and the divorce decree incorporated a settlement agreement entered into by the parties. (Doc. 15, Ex. A).  Sections IV and VIII of the agreement are in issue here.

### 1. Section IV

Under Section IV of the agreement, entitled "Periodic Alimony," Coon was ordered to pay Henderson $2,000 per month for six months, then $3,000 per month for the next fifty-four months.  If Henderson remarried or entered into an open cohabitation relationship, Coon could seek to have the alimony payments reduced to $1,500 per month.  If Coon missed a monthly payment, Henderson could accelerate the balance of the remaining payments.  The divorce settlement stated that the purpose of Section IV was "to enable [Henderson] to meet her

---

[1]  Proceedings were styled <u>Coon v.Coon</u>, Case No. DR-09-244.  Angela Coon took back her maiden name, becoming Henderson pursuant to the divorce decree. (Doc. 15, Ex. A).  The reader should bear in mind that in the divorce proceedings in Coffee County, Angela Coon (now Henderson) was the Plaintiff.  In this Adversary Proceeding, Charles Coon is the Plaintiff and Angela Henderson is the Defendant.

Case 13-01103    Doc 23    Filed 11/24/14    Entered 11/24/14 10:06:44    Desc Main
Document      Page 2 of 14

continuing financial needs as a result of her assumption of the majority of the marital debt . . . and to otherwise preserve the status quo of the parties[.]"[2]

## 2. Section VIII

Section VIII of the agreement, entitled "[Coon]'s Retirement Plan," obligates Coon to pay Henderson $40,895.30, representing half of the value of Coon's TRS retirement account at that time. Coon was required to start making payments when he began receiving disbursements or when he turned 65, whichever occurred first, and was required to pay Henderson in the same intervals in which he received disbursements. The word alimony is never used in Section VIII and there is nothing in Section VIII which would suggest that it is anything other than an attempt to divide property.

### B. Modifications of the Divorce Judgment

On September 1, 2011, the divorce court entered a second order reducing Coon's required payments under Section IV of the divorce settlement to $1,500 per month upon determining that Henderson had entered into an open cohabitation relationship. (Doc. 15, Ex. B). In doing so, the divorce court stated that "[a]bsent an integrated bargain agreement providing otherwise, *Alabama Code* § 30-2-55 directs termination of periodic alimony upon petition and proof that the recipient spouse is 'living openly or cohabiting with a member of the opposite sex.' As discussed above, the parties did enter into such an agreement, which merely provided for a reduction in periodic

---

[2] Section IV of the Settlement Agreement is two and one-half pages long and will not be set out in full here. The word "alimony" is used 19 times in Section IV and the reasons for it and the conditions upon which it can be adjusted are set out in full.

-3-

alimony upon such proof." (Doc. 15, Ex. B). The divorce court also negated an income withholding order enforcing the Section IV obligation, noting that such orders were "an impermissible means of collecting spousal support[.]" (Doc. 15, Ex. B).

On September 23, 2013, the divorce court entered a third order related to the divorce. (Doc. 15, Ex. C). The divorce court denied Coon's petition to terminate payments under Section IV of the divorce settlement – and also denied Henderson's petition to increase them – pursuant to the doctrine of res judicata, ruling that it had already decided the issue in its 2011 order. The divorce court also denied Coon's petition to terminate payments of his retirement benefits under Section VIII of the divorce settlement, ruling that the required payments were "part of the parties' agreed upon property settlement" and therefore "non-modifiable." (Doc. 15, Ex. C). Finally, the divorce court entered judgment in favor of Henderson and against Coon for $25,500.00 in alimony arrearage under Section IV, and deemed the acceleration clause of Section IV triggered as to the remaining $18,000.00 Coon owed Henderson in future monthly payments under Section IV.

## C. Bankruptcy

Coon filed a petition pursuant to Chapter 13 of the Bankruptcy Code on January 31, 2013, initiating case number 13-10192. Coon listed his retirement account in the amount of $106,582.24 as exempt on his Schedule C. (Case No. 13-10192, Doc. 1). On his Schedule E, Coon listed Henderson as an unsecured creditor holding a priority claim of $9,000.00 for a domestic support obligation but did not otherwise list her as a non-priority creditor. (Case No. 13-10192, Doc. 1). Coon's plan proposed to pay Henderson $9,000.00 as a priority claim and was confirmed without objection on May 16, 2013. (Case No. 13-10192, Docs. 7 & 20).

-4-

Case 13-01103    Doc 23    Filed 11/24/14    Entered 11/24/14 10:06:44    Desc Main
                            Document      Page 4 of 14

Henderson filed a twice-amended proof of claim of $84,395.53 for "Alimony and Retirement" and claimed all of it was entitled to priority. (Case No. 13-10192, Claim 9-2). It is evident from the divorce settlement and the divorce court's 2013 order that Henderson claims $43,500.00 pursuant to Section IV of the divorce settlement and $40,895.30 pursuant to Section VIII.[3]

Coon then initiated this adversary proceeding against Henderson, objecting to the priority status of Henderson's proof of claim and seeking a determination of dischargeability under 11 U.S.C. § 1328(a)(2). (Doc. 1). Specifically, Coon contends that the required payments under Sections IV and VIII of the divorce agreement were intended as a property settlement, and not as spousal support for Henderson. Henderson answered, asserting that her claim was entitled to priority status and therefore non-dischargeable. (Doc. 8). Both parties have moved for summary judgment on all claims.

## II. LAW

### A. Jurisdiction and Venue

This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1334 and 157(a), and the district court's General Order of Reference dated April 25, 1985. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) and (K). Venue is proper under 28 U.S.C. § 1409(a). This is a final judgment.

Henderson argues that this Court has no jurisdiction over her interest in Coon's retirement account because it is not property of the estate. (Doc. 8). "[B]y filing a claim against a bankruptcy estate [a] creditor triggers the process of 'allowance and disallowance of claims,'

---

[3]The Court is unsure of the origin of the remaining $0.23 in Henderson's proof of claim.

-5-

thereby subjecting [her]self to the bankruptcy court's equitable power." Langenkamp v. Culp, 498 U.S. 42, 44 (1990) (quoting Granfinanciera, S. A. v. Nordberg, 492 U.S. 33, 58-59 (1989)). Since Henderson has filed a proof of claim for her interest in Coon's retirement benefits she has triggered the process of allowance or disallowance of the claim, so the Court has jurisdiction over her interest. 11 U.S.C. § 1334(a).

### B. Summary Judgment Standard

Motions for summary judgment are governed by FED. R. BANKR. P. 7056, which incorporates FED. R. CIV. P. 56. Rule 56 mandates the Court to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A material fact is one "that might affect the outcome of the suit under governing law. . . ." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Id. If there is a genuine dispute of material fact, however, a motion for summary judgment must be denied. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (noting that a party seeking summary judgment is responsible for submitting evidence demonstrating the absence of a genuine issue of material fact).

## C. Domestic Support Obligations and Debts Arising Out of Divorce

The question presented is whether, and to what extent, Henderson's claim is entitled to priority under 11 U.S.C. § 507(a)(1)(A). Section 507(a)(1)(A) states, in relevant part:

(a) The following expenses and claims have priority in the following order:

(1) First:

> (A) Allowed unsecured claims for domestic support obligations that, as of the date of filing of the petition in a case under this title, are owed to or recoverable by a . . . former spouse . . . of the debtor[.]

Thus, a claim is entitled to priority under § 507(a)(1)(A) only if it is for a domestic support obligation. The Bankruptcy Code defines the term "domestic support obligation" as a debt owed to a former spouse of the debtor that is "in the nature of alimony, maintenance, or support . . . of such former spouse, . . . without regard to whether such debt is expressly so designated[.]" 11 U.S.C. § 101(14A)(B). Therefore, if Henderson's claim is for an obligation "in the nature of alimony, maintenance, or support," it is entitled to priority under § 507(a)(1)(A).

The extent to which Henderson's claim is entitled to priority controls the extent to which it is non-dischargeable in Chapter 13 bankruptcy. Debt "for a domestic support obligation" is excepted from discharge pursuant to 11 U.S.C. §§ 523(a)(5) and 1328(a). Debt owed to a former spouse "not of the kind described" in § 523(a)(5) that is "incurred by the debtor in the course of a divorce" – *i.e.*, distribution of marital property – is also typically non-dischargeable under 11 U.S.C. § 523(a)(15). In the context of a Chapter 13 bankruptcy, however, a debtor who completes his plan payments will receive "a discharge of all debts provided for by the plan" except any debt "of the kind specified in . . . paragraph (1)(B), (1)(C), (2), (3), (4), **(5)**, (8), or (9)

-7-

of section 523(a)[.]" 11 U.S.C. § 1328(a)(2) (emphasis added). Thus, in a case under Chapter 13, debts for domestic support obligations are entitled to priority and do not discharge, while debts owing to a former spouse that are not domestic support obligations are not entitled to priority and are dischargeable under § 1328(a)(2). Steele v. Heard, 487 B.R. 302, 308 (S.D. Ala. 2013); In re Rivet, 2014 WL 1876285 (Bankr. D. Kan. May 8, 2014); In re Hutchens, 480 B.R. 374, 380-83 (Bankr. M.D. Fla. 2012) (finding that domestic support obligation was not discharged and that debt for property settlement was discharged in Chapter 13 proceedings); Dyrud v. Luckman (In re Luckman), 2012 WL 6708586 (Bankr. D. Mont. Dec. 26, 2012); In re Cooke, 455 B.R. 503 (Bankr. W.D. Va. 2011); In re Andrews 434 B.R. 541 (Bankr. W.D. Ark. 2010); In re Rogowski, 462 B.R. 435 (Bankr. E.D.N.Y. 2011) (holding that claim for former spouse's attorney's fees in divorce proceeding was a domestic support obligation entitled to priority pursuant to §507(a)(1) and non-dischargeable pursuant to § 1328(a)(2)); In re Uzaldin, 418 B.R. 166 (Bankr. E.D. Va. 2009).

The Eleventh Circuit has provided guidance for the task at hand.

> Whether a given debt is in the nature of support is an issue of federal law. Although federal law controls, state law does provided guidance in determining whether the obligation should be considered 'support' under § 523(a)(5). To make this determination a bankruptcy court should undertake a simple inquiry as to whether the obligation can legitimately be characterized as support, that is, whether it is in the nature of support.
>
> In conducting this inquiry, a court cannot rely solely on the label used by the parties. As other courts have recognized, it is likely that neither the parties nor the divorce court contemplated the effect of a subsequent bankruptcy when the obligation arose. The

> Court must therefor look beyond the label to examine whether the
> debt is actually in the nature of support or alimony.

<u>Cummings v. Cummings</u>, 244 F.3d 1263, 1265 (11th Cir. 2001) (internal citations omitted).

### III. ANALYSIS

As set forth in Part I(C) above, Henderson has filed a Proof of Claim in the amount of $84,395.53. It appears that $43,500.00 of that amount arises under Section IV of the divorce settlement and $40,895.30 pursuant to Section VIII. As Coon's indebtedness under Section IV of the divorce settlement is analytically distinct from the liability under Section VIII, the Court will analyze these claims separately.

**A. Coon's liability under Section IV liability is in the nature of support and for that reason is entitled to priority pursuant to 11 U.S.C. § 507(a)(1)(A).**

Section IV of the divorce settlement is entitled "Periodic Alimony" and states that its purpose is to "enable [Henderson] to meet her continuing financial needs as a result of her assumption of the majority of the marital debt . . . and to otherwise preserve the status quo of the parties[.]" The term "alimony" is used 19 times in Section IV of the decree and, in two subsequent post-dissolution orders, the court that entered the judgment of divorce specifically referred to it as alimony. While Coon argues here that Section IV amounts are not in the nature of alimony, he took deductions for alimony on his tax returns. (Doc. 15, Ex. D, E, F, and G).

Thus, as a taxpayer, Coon took the position that amounts paid Henderson were alimony when it was to his financial advantage to do so.  Now, as a bankruptcy debtor, it is financially advantageous to him to treat his Section IV payments as something other than alimony so that this liability can be discharged.  The Court takes a dim view of debtors who game the system in such a manner.

Further support for the contention that the Section IV liability is alimony is found by reference to the eight factors set out by the Eleventh Circuit in Benson v. Benson (In re Benson), 441 Fed. Appx. 650 (11th Cir. 2011).  Applying the eight factors: (1) the agreement's language – clearly favors alimony; (2) the parties' financial position – again favors alimony as Coon had a much higher income than Henderson; (3) the amount of the division – which slightly favors alimony as there was not much property to divide; (4) whether the obligation ends upon death or remarriage – again favoring alimony for the reasons explained by the divorce court in the September 23, 2013 Order; (5) the frequency and number of payments – again favoring alimony as it appears most like periodic alimony; (6) whether the agreement waives other support rights – not a factor here; (7) whether the obligation can be modified or enforced in state court – again favoring alimony – this point was discussed in the September 23, 2013 Order; and (8) how the obligation is treated for tax purposes – strongly favoring alimony.  Applying the eight Benson factors, the Section IV liability is clearly alimony.

As set out in Cummings, the determination to be made here is one of Federal law.  The Court is not bound by the labels placed on things by the parties or the state divorce court; nevertheless, the Court should note carefully the state court proceedings.  "Limited to its proper role, the bankruptcy court will not duplicate the functions of state domestic relations courts, and

Case 13-01103    Doc 23    Filed 11/24/14    Entered 11/24/14 10:06:44    Desc Main
Document      Page 10 of 14

its rulings will impinge on state domestic relations issues in the most limited manner possible." Harrell v. Sharp (In re Harrell), 754 F.2d 902, 907 (11th Cir. 1985). In the September 23, 2013 Order, the Circuit Judge in Coffee County carefully examined Section IV of the divorce decree and determined that it was alimony. The September 23, 2013 decision is well reasoned and well written – it will not be disturbed here. The Court notes that all of the evidence submitted to the Court supports the contention that Section IV liability is in the nature of alimony and that there is no evidence supporting the contrary contention. Coon's mere argument is not evidence and is insufficient to preclude summary judgment on this point. Cook v. Wal-Mart Stores, Inc., 795 F. Supp. 2d 1269, 1272 (M.D. Ala. 2011) (holding that conclusory assertions in the absence of supporting evidence are insufficient to withstand summary judgment). Therefore, to the extent that her claim is based on Section IV, Henderson's claim is entitled to priority and is non-dischargeable.

### B. Coon's liability under Section VIII is in the nature of support and therefore is not entitled to priority pursuant to 11 U.S.C. § 507(a)(1)(A)

Section VIII of the divorce settlement requires Coon to pay Henderson $40,895.30 from his retirement account.[4] The divorce court denied Coon's petition to modify those payments in

---

[4] ALA. CODE § 30-2-51(b) provides: "The judge, at his or her discretion, may include in the estate of either spouse the present value of any future or current retirement benefits, that a spouse may have a vested interest in or may be receiving on the date the action for divorce is filed, provided that the following conditions are met:
  (1) The parties have been married for a period of 10 years during which the retirement was being accumulated.
  (2) The court shall not include in the estate the value of any retirement benefits acquired prior to the marriage including any interest or appreciation of the benefits.
  (3) The total amount of the retirement benefits payable to the non-covered spouse shall

-11-

its 2013 order. In doing so, the divorce court ruled that the Section VIII payments were "part of the parties' agreed upon property settlement and [were] non-modifiable." (Doc. 15, Ex. C). The divorce court then likened the Section VIII obligation to alimony in gross, explaining that unlike periodic alimony, "alimony in gross is non-modifiable and is in the nature of a property settlement award, compensating the payee spouse for the loss of her rights in the payor spouse's estate." (Doc. 15, Ex. C).

Application of the Benson factors confirms this result: (1) the agreement's language – favors property settlement; (2) the parties' financial position – favors alimony; (3) the amount of the division – favors property settlement, as Henderson was awarded half the value of Coon's pension at that time; (4) whether the obligation ends upon death or remarriage – strongly favors property settlement, as there was no mention of this in Section VIII and as Coon was required to maintain life insurance listing Henderson as the beneficiary until he completed payments; (5) frequency and number of payments – slightly favors property settlement, as Coon was only required to pay Henderson out of his disbursements as he received them; (6) whether the agreement waives other support rights – not a factor here; (7) whether the obligation can be modified or enforced in state court – strongly favors property settlement, as set out above; and (8) how the obligation is treated for tax purposes – not a factor here. Applying the eight Benson factors, the Section VIII liability is property settlement and is not entitled to priority. Henderson's mere argument to the contrary is not evidence and does not create a genuine issue of fact for trial. Cook, 795 F. Supp. 2d at 1272. Therefore, Coon's Section VIII liability is not in the nature of alimony and is not entitled to priority pursuant to 11 U.S.C. § 507(a)(1)(A).

---

not exceed 50 percent of the retirement benefits that may be considered by the court."

### C. Coon's indebtedness for alimony, which is entitled to priority pursuant to § 507(a)(1)(A) is excepted from discharge, while his Section VIII indebtedness is not excepted from discharge

Coon has requested a determination of the dischargeability of his indebtedness to his former spouse in his complaint. Having determined that his liability under Section IV of the divorce decree, in the amount of $43,500.00, is entitled to priority pursuant to 11 U.S.C. § 507(a)(1)(A), it follows that the same indebtedness is excepted from discharge pursuant to 11 U.S.C. § 1328(a)(2) and § 523(a)(5). As it is determined that Coon's Section VIII liability, in the amount of $40,895.30, is not in the nature of alimony and not entitled to § 507(a)(1)(A) priority, it follows that there is no basis to except it from discharge in the event Coon completes payments under his Plan.

### D. Henderson's claim that Coon's bankruptcy filing is in bad faith and that the case should be dismissed is dismissed without prejudice

Henderson argues that Coon filed his petition in bankruptcy in bad faith and that it should be dismissed. Motions to dismiss a case under Chapter 13 are governed by the provisions of 11 U.S.C. § 1307. Such motions are best addressed in the main bankruptcy proceeding rather than in the context of an Adversary Proceeding. For this reason, Henderson's request that Coon's bankruptcy case be dismissed is denied, without prejudice to her right to file such a motion in the main bankruptcy proceeding.

Case 13-01103    Doc 23    Filed 11/24/14    Entered 11/24/14 10:06:44    Desc Main
Document      Page 13 of 14

## IV. CONCLUSION

Judgment is entered as follows. Amounts owed by the Debtor pursuant to Section IV of the divorce decree are determined to be domestic support obligations. Henderson's claim, to the extent it is made under Section IV ($43,500.00), is entitled to priority and is excepted from discharge. The Debtor's liability under Section VIII is not a domestic support obligation so Henderson's claim, to the extent that it is made under Section VIII ($40,895.30), is not entitled to priority and may be discharged. By way of a separate order, the Court will schedule the Debtor's underlying Chapter 13 Bankruptcy Case for hearing to determine what action, if any, should be taken in the case in light of this determination. The Court will enter a final judgment by way of a separate document.

Done this 21st day of November, 2014.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Jennifer R. Stanley, Attorney for Plaintiff
Donna C. Crooks, Attorney for Defendant